IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HILDA L. SOLIS,

        Plaintiff,

  vs.                                              No. CIV 07-1289 MV/LFG

A TOUCH OF GLASS ENTERPRISES, INC.,
EMILY GORDON, individually, and
EMERALD DUQUETTE, individually,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER came before the Court on Plaintiff's Motion to Compel Documents, Answers to Interrogatories, and Responses to Requests for Production [Doc. 33], filed December 8, 2008. No response to the motion was ever filed, and on September 1, 2009, Plaintiff filed a Notice of Completion of Briefing [Doc. 57].

This District's Local Rules provide that the failure of a party to file and serve a response in opposition to a motion within the time prescribed constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). The purpose of this rule "is to facilitate the trial court's disposition of motions . . . . It authorizes the court to grant applications solely based on the information the moving party puts before the court unless some response indicates that a genuine controversy exists concerning the right to the relief sought." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).

The Tenth Circuit held in Reed v. Bennett that a court may not grant a motion for summary judgment solely on grounds the nonmoving party failed to respond, but must proceed to analyze whether summary judgment is appropriate under FED. R. CIV. P. 56. However, the same is not true of motions to compel, which carry different burdens.

"[W]hen a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad

and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable.  By failing to address these types of objections in response to a motion to compel, a party fails to meet its burden to support its objections." Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 670-71 (D. Kan. 2004).  Failure to support an objection is deemed a waiver.  Bayview Loan Servicing, LLC v. Boland, No. 08-cv- 00566-WDM-KLM, 2009 WL 1441081, at *1 (D. Colo. May 20, 2009).

The Court is aware that Defendants have absented themselves from this litigation for many months and that their attorney was permitted to withdraw by order dated March 31, 2009, in part because of counsel's statement that his mailings and telephone calls to Defendants had gone unanswered. [Doc. 49].  The corporate defendant was given 30 days to obtain substitute counsel, but it failed to do so.  Defendants' AWOL status notwithstanding, this litigation is ongoing and the parties have a continuing obligation to comply with discovery requests, either by responding in full or by noting their objections.

The Motion to Compel requests that the Court order Defendants to produce time and payroll records covering the period from March 21, 2008 to the present; to produce the profit-and-loss statement covering the time period from July to December 2007; and to respond to Plaintiff's Second Set of Interrogatories and Second Requests for Production of Documents.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 33] is granted.  Defendants must fully answer all interrogatories served by Plaintiffs and must produce all documents requested in Plaintiff's requests for production.

                                             */s/ Lorenzo F. Garcia*
                                             Lorenzo F. Garcia
                                             Chief United States Magistrate Judge